UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANFORD POLLO, JR.,

        Petitioner,

v.                             CASE NO. 09-11252
                               HONORABLE ARTHUR J. TARNOW

JEFFREY WOODS,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Sanford Pollo, Jr., has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence of nine and a half to twenty years for unarmed robbery. Because Petitioner's claims lack merit, the habeas petition must be dismissed.

### I. Background

Petitioner initially was charged with armed robbery. The charge arose from allegations that Petitioner robbed a retail clerk at a Walgreen's store in Jackson, Michigan. He took $40 from the clerk and implied that he had a gun. On July 9, 2007, Petitioner pled guilty to the lesser charge of unarmed robbery. *See* Mich. Comp. Laws § 750.530. The trial court sentenced Petitioner as a fourth felony offender to imprisonment for nine and half to twenty years. Petitioner moved for resentencing on the ground that offense variable 9 (number of victims) had been incorrectly scored at ten points. He maintained that there was only one victim (the store clerk) and that he was improperly scored ten points for two victims (the store clerk and Walgreens). The prosecutor filed an answer to Petitioner's motion and agreed that offense

*Pollo v. Woods*, No. 09-11252

variable 9 was miscalculated.  He claimed, however, that offense variable 19 (interference with

the administration of justice) should have been scored ten points instead of zero points as the

probation officer had suggested.  The trial court agreed with the prosecutor's arguments and

denied Petitioner's motion for re-sentencing, because the additional ten points for offense

variable 19 canceled out the reduction of ten points for offense variable 9.

　　Petitioner appealed his sentence to the Michigan Court of Appeals, which denied leave to

appeal for lack of merit in the grounds presented.  *See People v. Pollo*, No. 283107 (Mich. Ct.

App. May 29, 2008) (unpublished).  On November 5, 2008, the Michigan Supreme Court denied

leave to appeal because it was not persuaded to review the issue.  *See People v. Pollo*, 482 Mich.

1043 (2008).[1]

　　Petitioner filed his habeas corpus petition on April 3, 2009.  He alleges that:  (1) the trial

court abused its discretion by changing the score for OV 19 from zero to ten points; (2) the trial

court deprived him of his right to allocution by not giving him a meaningful opportunity to

address the court before changing the score for offense variable 19; and (3) the trial judge was

biased because he appeared as the Jackson County Prosecutor in one of Petitioner's prior cases.

---

　　[1]  Justice Marilyn Kelly wrote a dissenting opinion in which she stated that the court
should grant leave to appeal "to examine the questionable practice used by the trial court."  She
opined that,

　　[t]o allow a judge who made a mistake at sentencing to rescore other offense
　　variables to nullify the damage done by the misscored variable without a hearing is
　　troublesome.  The defendant had no opportunity to present any objection or input
　　to the rescoring of [offense variable] 19.  Rather than ignore this practice, the
　　Court should grant leave to appeal to consider whether it should be permitted and,
　　if so, under what circumstances.

*Pollo v. Woods*, No. 09-11252

Respondent argues in an answer to the habeas petition that Petitioner's claims are not cognizable

on habeas review and that Petitioner is not entitled to resentencing.

## II.  Standard of Review

Section 2254(d) of Title 28, United States Code, imposes the following standard of

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in the
>        State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual

determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application occurs" when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case."  *Id*. at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant state-court

3

*Pollo v. Woods*, No. 09-11252

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411.

### III. Discussion

Petitioner contends that the scoring of offense variable 19 resulted in the violation of his constitutional right to be sentenced on the basis of accurate information.  To prevail on this claim, Petitioner must show that the trial court sentenced him on the basis of "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information, which he had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

The presentence investigation report states that, when officers entered Petitioner's residence to arrest him, he grabbed a knife off the kitchen table and cut his wrist.  This conduct arguably interfered with Petitioner's arrest, because it resulted in the officers having to transport Petitioner to a hospital for treatment of the cut and for a psychological evaluation.  He remained in the hospital for three or four days.  The Court concludes that the trial court did not rely on extensively and materially false information when scoring offense variable 19.

Petitioner alleges next that the trial court's change in the score for offense variable 19 violated his right of allocution.  He had his right to allocution when he was originally sentenced.  Thus, he did have his opportunity to tell his side of the story.

Petitioner's final contention is that the trial judge was biased because he was a county prosecutor at a time when Petitioner was convicted in cases that were used to enhance his sentence.  A biased judge is a structural error for which harmless-error analysis does not apply.

4

*Pollo v. Woods*, No. 09-11252

*Railey v. Webb*, 540 F.3d 393, 399 (6th Cir. 2008), *cert. denied*., __ S. Ct. __, 2009 WL 1344439 (U.S. June 29, 2009) (No. 08-0322).  However, "'[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'"  *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006) (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986)) (brackets omitted).

The trial judge stated at Petitioner's plea that he did not actively prosecute Petitioner's prior cases and that he had no recollection of them.  He saw no reason to disqualify himself, as he was not persuaded that his prior role as county prosecutor or chief assistant prosecutor would affect the sentence that he imposed.  (Plea Tr. July 9, 2007, at 4-5).  Petitioner's claim of judicial bias fails, because there is no indication that the trial judge was actually biased against him or "evince[d] a predisposition 'so extreme as to display clear inability to render fair judgment.'"  *Johnson v. Bagley*, 544 F.3d 592, 597 (6th Cir. 2008) (quoting *Liteky v. United States,* 510 U.S. 540, 551 (1994)).

## IV.  Conclusion

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly, the habeas corpus petition [Dkt. #1] is **DENIED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 11, 2009

5

*Pollo v. Woods*, No. 09-11252

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 11, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary